IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| **DAVID WEBB,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**KEVIN D. WARREN, BLAINE G. SEAMONS, FNU BLAKE, FNU NEILSON, WEBER COUNTY GOVERNMENT, WEBER COUNTY PUBLIC LIBRARY TRUSTEES, LYNNDA WANGSGARD, HOLLY COLE OKUHARA, KRISTA MARIE DUNHAM, CARLOS MAZARIEGOS,**<br><br>           **Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No. 1:14-cv-00173<br><br>District Court Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Court Judge Clark Waddoups pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 6).

Currently pending before the court is Plaintiff David Webb's ("Mr. Webb"): (1) "Pro Se Plaintiff's Motion In Accordance With FRCP Rule 15 And Local Rule DUCIVR 15-1" (doc 10); (2) "Motion For Official Service Of Process" (doc. 11); and (3) "Affidavit of Pro Se Plaintiff David Webb—Bais [sic] Or Prejudice Of Judges (28 U.S.C. 144; 28 U.S.C. 455 & 28 U.S.C. 361-367)" (doc. 13).

## I.    BACKGROUND

On December 30, 2014, Mr. Webb was granted leave to proceed in forma pauperis consistent with 28 U.S.C. § 1915 (the "IFP statute") (doc. 2).

On April 1, 2015, this court issued a Ruling & Order allowing Mr. Webb to amend his

complaint, but finding the amended complaint to be deficient (doc. 9). As a result, the court allowed Mr. Webb to file a second amended complaint addressing any deficiencies and warned that failure to do so would result in a recommendation of dismissal. *Id.*

Several days later, on April 7, 2015, Mr. Webb filed a document entitled "Motion In Accordance With FRCP Rule 15 And Local Rule DUCIVR 15-1" (doc. 10). Attached to the motion, Mr. Webb provides a "Second Amended Federal Civil Rights Complaint" ("Second Amended Complaint") (doc. 10-1). Mr. Webb also filed a "Motion For Official Service Of Process" requesting the court to direct the U.S. Marshal's Office's to serve his Second Amended Complaint on defendants (doc. 11).

On May 18, 2015, Mr. Webb filed an "Affidavit Of Pro Se Plaintiff David Webb—Bais [sic] Or Prejudice Of Judges" seeking disqualification of this court pursuant to 28 U.S.C. § 144 (doc. 13).

## II.   AFFIDAVIT OF BIAS

Before proceeding to the substance of Mr. Webb's Second Amended Complaint, the court considers Mr. Webb's affidavit seeking this court's disqualification pursuant to 28 U.S.C. § 144 (doc. 13). As the sole basis for disqualification, Mr. Webb references several unfavorable rulings issued by this court in separate actions brought by Mr. Webb, and explains that the court is biased because "U.S. Judge Dustin B. Pead Chambers has been obsessed with in RECOMMENDING SANCTIONS in each of the five Cases, . . . , assigned to his Chambers as enumerated within this AFFIDAVIT" (doc. 13, p. 2).

28 U.S.C. § 144 states,

[w]henever a party to any proceeding in a district court makes and files a timely

> and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S. C. § 144. Under the statute, once a timely and sufficient affidavit of bias or prejudice is filed the judge "must cease to act in the case and proceed to determine the legal sufficiency of the evidence." *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978). The filing of the affidavit alone does not bring about a disqualification. *See United States v. Ritter*, 540 F.2d 459, 461-62 (10th Cir. 1976). Rather, an affidavit is only considered sufficient to support disqualification if the facts and reasons provided "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment" *Berger v. United States*, 255 U.S. 22, 24, 65 L. Ed. 481, 41 S. Ct. 230 (1921), or when a "reasonable man would conclude on the facts stated [in the affidavit] that the district judge had a special bias against the defendant." *United States v. Thompson,* 483 F.2d 527 (3d Cir. 1973); *see also* 28 U.S.C. § 144.[1]

---

[1] Although not discussed in the body of the affidavit, the title references 28 U.S.C. § 455— presumably as another basis for disqualification. Under 28 U.S.C. §455(a) the disqualification of a judge is required "in any proceeding in which his impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a). Subsection (a) of the statute establishes an objective test for disqualification and asks "whether a reasonable person, knowing all the relevant facts would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). If a reasonable factual basis for questioning a judge's impartiality exists, the statute imposes a sua sponte duty upon the court to recuse itself. *See Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

Mr. Webb's affidavit is unable to reach the standard set forth under Section 144.  Other than referencing unfavorable judicial opinions issued by this court, Mr. Webb fails to identify any personal bias or prejudice that this court has against him.  It is well established that an adverse ruling alone does not provide sufficient grounds for disqualification.  *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996).  And, while the court takes allegations of its bias or prejudice very seriously, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Brody v. President & Fellows of Harvard College,* 664 F.3d 10, 12 (1st Cir. 1981), *cert denied,* 455 U.S., 1027, 72 L. Ed. 2d 148, 102 S. Ct. 1731 (1982).

Upon review, Mr. Webb's affidavit fails to sufficiently state a claim of bias or prejudice and accordingly the court recommends that Mr. Webb's request for disqualification be denied.

**III.   SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

Mr. Webb proceeds in forma pauperis pursuant to the IFP statute (doc. 2).  Whenever the court authorizes a party to proceed under the IFP statute, it is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *Buchheit v. Green,* 705 F.3d 1157, 1160-60 (10th Cir. 2012).

In determining whether a complaint fails to state a claim for relief under the IFP statute,

---

In this case, the only "facts" Mr. Webb points to in support of disqualification are what he considers to be unfavorable legal rulings issued by this court is separate actions brought by Mr. Webb.  As stated above, unfavorable legal rulings alone do no support bias and consequently the court recommends that any claim for disqualification brought pursuant to 28 U.S.C. § 455 should also be denied.  *See Mitchell,* 80 F.3d at 1433.

the court employs the same standard as utilized when analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6). Under that standard, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).[2]

Similar to his amended complaint (doc. 7), Mr. Webb's Second Amended Complaint fails to clearly tie the specific facts relied upon to the cause of action asserted, explain exactly whom the claim is asserted against and state what harm he suffered or how his legal rights were violated. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.")). Although Mr. Webb attempts to cure the deficiencies of his original pleading by supplying "new" information, the added information consists primarily of Mr. Webb's listing legal terms and phrases absent any factual support therefore (e.g. "The Right to Due Process in accordance with Equal Protection of the

---

[2] In undertaking its analysis of Mr. Webb's Second Amended Complaint, the court is mindful that Mr. Webb is proceeding pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g. Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003)

Laws was precluded by the above named Defendants.") (doc. 10-1, p.16). Moreover, the Second Amended Complaint provides numerous unsupported conclusory statements (e.g. Defendants "violated Plaintiff Webb's Article I, Section 1, inherent and inalienable rights to enjoy their lives and liberties by precluding his <u>Free Speech</u> and subsequently prolonging his <u>Liberty</u> upon being assured that his I.D. and criminal background check came-up clean under the facts and circumstances of this Case.") and fails to state the harm that suffered, instead simply listing several causes of action in support of his claims of injury (stating he has been injured by the actions of defendants by "[A] Being subjugated to the pain and suffering of Criminal Defamation under Utah Code Annotated 76-9-404. [B] Intentional Infliction of Emotional Distress. [C] Negligent Infliction of Emotional Distress. . . ) (doc. 10-1, p. 33).

While these general deficiencies are sufficient to support a recommendation of dismissal for failure to state a claim, the court also recognizes specific shortcomings with respect to several of the federal and state claims.

**Mr. Webb's Federal Claims**

Mr. Webb generally asserts that Defendant Sargent Blaine G. Seamons and two North Ogden Police Officers— Officer Blake and Officer Neilson— (collectively, "Police Defendants") violated his rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, the Fourth Amendment to the United States Constitution, the Sixth Amendment to the United States Constitution, the Fourteenth Amendment of the United States Constitution, and Title VI of the Civil Rights Act of 196.[3] In support of these causes of action, Mr. Webb appears to assert that:

---

[3]Although several other defendants are named in the complaint, the majority if not all of Mr. Webb's claims appear to be directed at the alleged actions of Police Defendants (doc. 10-1).

(1) Sargent Seamons directed Officer Blake to get Mr. Webb's personal contact information; (2) Officer Neilson took the pad of paper on which Officer Blake recorded the personal information and "radio[ed] [it] in"; and (3) the Police Defendants obtained Mr. Webb's personal information for the "sole reason" of providing it to Defendant Krista Marie Dunham so she could harass and inflict emotional distress upon Mr. Webb (doc. 10-1, p. 14).

Upon review, none of the alleged actions support a viable claim for relief.  The Police Defendants' request for Mr. Webb's personal contact information does rise to the level of a violation of any right or privilege secured by the United States Constitution or any other federal law.  Further, Mr. Webb's assertion that his personal information was obtained for the purpose of providing it to Defendant Dunham so she could harass Mr. Webb amounts to an unsupported conclusory allegation.  *See Khalik v United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012) (citation omitted) (allowing court to "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.")).

**Mr. Webb's State Claims**

Mr. Webb's Second Amended Complaint contains state law based claims for Intentional Infliction of Emotional Distress, Malice, Willful Misconduct, Negligent Infliction of Emotional Distress*,* False/Excessive Imprisonment, Violation of Article 1 Section 1 of the Utah Constitution and  Violation of Article 1 Section 7 of the Utah Constitution.

Notably, Mr. Webb's claims for malice and willful misconduct do not state causes of action per se, but instead reference the requisite mental state for the commission of certain crimes or civil actions.  *See I.M.L. v. State,* 2002 UT 110 ¶18 (internal citations and quotations omitted)

(distinguishing between common law term "malice" which means "ill will or spite" and the term "actual malice" which means "with knowledge that it was false or with reckless disregard of whether it was false or not.")); *see also Brown v. Frandsen,* 426 P.2d 1021, 1022 (Utah 1967) ("Willful misconduct is the intentional doing of an act, or intentional failure to do an act, with knowledge that serious injury is a probable result.")).

      Further, Mr. Webb's remaining claims do not support the causes of action alleged. His claim for infliction of emotional distress, fails to assert that Police Defendants acted with the purpose of inflicting emotional distress or that their actions alleged amounted to outrageous conduct. *See Hays v. Rosemann Univ. of Health Scis.,* 2014 U.S. Dist. LEXIS 171882 *9-10 (Dec. 19, 2014); 2:14-cv-00198-DB (finding conduct to support a claim for intentional infliction of emotional distress must be "outrageous and intolerable in that [it] offend[s] against the generally accepted standards of decency and morality" and "done for the purpose of inflicting emotional distress") (internal citations and quotations omitted). Similarly, his claim for negligent infliction of emotional distress neglects to state what severe emotional distress or harm, if any, was suffered. *See Harchiner v. University of Utah Med. Ctr.,* 962 P.2d 67,70 (*citing Hansen v. Mountain Fuel Supply Co.,* 858 P.2d 970, 975 (Utah 1993) (emotional distress suffered to support a claim for negligent infliction of emotional distress must be severe)). Finally, a cause of action for false imprisonment requires proof of "an unlawful detention or restraint of another against his will " *Lee v. Langley,* 2005 UT App 339, ¶19 (*quoting Mildon v. Bybee,* 375 P.2d 458, 459 (Utah 1962)). Mr. Webb is unable to support his claim since contrary to the elements of false imprisonment, his Second Amended Complaint states that Defendant Sgt. Seamons told

Mr. Webb "[y]ou are free to go, because you have done nothing wrong and are in no trouble." (doc. 10-1, p. 26).

Overall, the above stated general and specific deficiencies support *sua sponte* dismissal of Mr. Webb's Second Amended Complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Accordingly, this court recommends that the District Court dismiss Mr. Webb's Second Amended Complaint for failure to state a claim.

## IV.    SERVICE OF PROCESS

Based upon the recommendation that Mr. Webb's motion to amend be denied, the court recommends that Mr. Webb's motion for service of process be denied as moot (doc. 11).

## V.    RECOMMENDATION TO THE DISTRICT COURT

For the reasons now stated, this court hereby **RECOMMENDS** the following to the District Court:

1. Mr. Webb's request to disqualify the court (doc. 13) pursuant to 28 U.S.C. §144 be **DENIED**;

2. Mr. Webb's Motion To Amend (doc. 10) be **DENIED** pursuant to 28 U.S.C. § 1915(e)(2) (doc. 10-1); and

3. Mr. Webb's motion for service of process be **DENIED** as moot (doc. 11).

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of June, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge