IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| **DAVID WEBB**,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**KEVIN D. WARREN, BLAINE G. SEAMONS, FNU BLAKE, FNU NEILSON, WEBER COUNTY PUBLIC LIBRARY TRUSTEES, LYNNDA WANGSGARD, HOLLY COLE OKUHARA, KRISTA MARIE DUNHAM, CARLOS MAZARIEGOS,**<br><br>　　　　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br>Case No. 1:14-cv-00173-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). On June 16, 2015, Judge Pead issued a Report and Recommendation that the case be dismissed pursuant to 28 U.S.C. §1915. Judge Pead concluded that Plaintiff David Webb's objection that he was required to disqualify himself because of bias was not well taken and that the Second Amended Complaint fails to state a claim. Mr. Webb filed an Objection. The court reviews the case *de novo*.

**Affidavit of Bias or Prejudice**

Mr. Webb asserts by Affidavit that Judge Pead is biased and prejudiced and demands his disqualification. (Dkt. No. 13.)  Judge Pead rejected the claim, concluding that the only support offered was the court's unfavorable rulings which cannot serve as a basis for disqualification. *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996).  In his objection to Judge Pead's

1

ruling, Mr. Webb fails to provide facts or law to demonstrate that the ruling is in error. In his objection, Mr. Webb cites to adverse rulings by other courts in unrelated cases and complains about delays in screening his case. (Dkt. No. 15, pp. 1-3.)  None of the stated objections provide a basis to reject Judge Pead's recommendation nor do they provide a basis for requiring Judge Pead to disqualify himself. Moreover, the Affidavit provides no basis for disqualification. None of Mr. Webb's complaints relate to any conduct indicating bias or prejudice other than the court's unfavorable rulings. The court accepts Judge Pead's recommendation to reject the Affidavit for disqualification and adopts the reasoning provided in support of that ruling.

**Failure to State a Claim, 28 U.S.C. § 1915**

Mr. Webb filed an initial complaint, then moved to amend the complaint, attaching the proposed amended complaint as an exhibit. (Dkt. Nos. 7 and 8.)  Because Mr. Webb proceeds in forma pauperis, Judge Pead screened the amended complaint to determine if it failed to state a claim, as is required by 28 U.S.C. § 1915(e)(2)(B)(ii) and *Bucheit v.Green*, 705 F. 3d 1157 (10th Cir. 2012). Judge Pead found the proposed amended complaint to be deficient because Mr. Webb failed to tie the specific facts relied upon to the causes of action asserted or to explain what harm he suffered and what legal right was violated. (Dkt. No. 9.) Judge Pead granted leave for Mr. Webb to file another amended complaint by April 20, 2015. Judge Pead directed Mr. Webb to address specifically how the specific facts of his case related to the causes of action asserted, to explain what harm he suffered, and what legal right was violated. Judge Pead warned Plaintiff that failure to comply with the order may result in dismissal of the action.  On April 7, 2015, Mr. Webb moved to file a Second Amended Complaint and attached the proposed complaint as an exhibit. (Dkt. No. 10 and 10-1.) Judge Pead also screened the Second Amended Complaint as required by 28 U.S.C. § 1915 and found that Mr. Webb had failed to make the required changes.

He found that the proposed complaint also fails to clearly tie the specific facts to any cause of action, explain the parties against whom the claim is being asserted and state any harm suffered or legal rights violated. (Dkt. No. 14.) Judge Pead recommended that the motion to file the Second Amended Complaint be denied and that service of process not be allowed.

In his proposed Second Amended Complaint, Mr. Webb alleges generally that he was mistreated in an encounter with three North Ogden Police Officers and employees of the Weber County Public Library. He alleges he is of African-American descent and asserts federal and state claims against the three officers, the Police Chief, several library employees, Weber County Government, Weber County Public Library Trustees and Jane Does. It is not clear which claims are being asserted against which defendants nor the factual basis for those claims. The proposed Second Amended Complaint, together with exhibits, is 56 pages long, 36 pages of which is text. The Complaint is prolix, verbose and repetitive. The portion of the Complaint that can be best understood to state relevant facts consists of five pages. (Dkt. No. 10-1, pp. 9-14.)

Mr. Webb alleges on several occasions from November 7 through November 9, 2014, as a patron at the North Ogden library, he had exchanges with female employees of the library. Mr. Webb implies that one of the employee's exchanges were flirtatious, while another employee's responses were hateful. Nothing in Mr. Webb's statement of the facts indicates any inappropriate overt conduct towards him by any library employee.

Mr. Webb further alleges that on November 15, 2014, he was again at the library, working at a computer terminal, when one of the library employees told him he needed to immediately leave the library and to call the library director because you are harassing women personnel at the main branch. After a further exchange in which Mr. Webb asked if he was being accused of committing crimes, he was told that if he did not leave immediately, the library

personnel would call the police. Mr. Webb responded, "Then you had better phone the Police, because this is illegal." Mr. Webb alleges he gathered his things and exited the library. He was then approached in front of the library by three police officers who asked for his "personal contact and I.D. information." When Mr. Webb asked why they needed his information, he was told so they could include it in their report. The officers then called dispatch to verify his information. Mr. Webb alleges he overhead an officer say the information was being given to one of the library employees "so you can file a Restraining Order against him." One of the officers told Mr. Webb he was being asked to leave the library because he had been harassing women at the main library and that he should call the library director. Mr. Webb alleges that he was then told, "You are free to go, because you have done nothing wrong and are in no trouble." Mr. Webb claims that he heard one of the officers whisper to another, "You are not letting the 'N . . . . .' leave?" At that point, the other officer yelled to Mr. Webb, "You had better not come back here again," to which Mr. Webb responded, "I will discuss that with my lawyer." (Dkt. No. 10-1, pp. 9-14.)

      Mr. Webb does not allege that he was arrested, cited or that any other enforcement action was taken against him. Further, Mr. Webb does not allege that he attempted to return to the library and was barred or that any restraining order or other injunctive action was taken against him. In a section of the Complaint under the subtitle of "Injury," Mr. Webb claims to have been subjected to pain and suffering of criminal defamation, suffered emotional distress and public humiliation. (Dkt. No. 10-1, pp. 34.) No factual detail is provided to support these claims.

      Mr. Webb attempts to plead federal causes of action under 42 U.S.C. §§ 1983, 1985, 1986, 2000d (Civil Rights Act) and under the First, Fourth, Sixth and Fourteenth Amendments. Mr. Webb also attempts to plead several state causes of action. Nowhere in the Second Amended

Complaint does Mr. Webb state how the specific facts of his case relate to the causes of action asserted. Mr. Webb also fails to explain what harm he suffered or how his legal rights were violated, as he was specifically instructed to do by Judge Pead. Rather, the Second Amended Complaint primarily adds legal terms and phrases without any factual support.

The court has reviewed the proposed Second Amended Complaint and finds Plaintiff has failed to state a claim. In essence, Mr. Webb alleges that he was being accused of harassing women at the main library and was asked to leave the North Branch library. He was told to call the library director. When he questioned this direction, the police were called, asked for his identification, which under the federal constitution and state law they were permitted to do. Mr. Webb alleges that one of the officers used a racial slur in reference to him, when whispering to the other officer, but there is no claim that the comment was directed at him or that it in any way impacted the officers' conduct towards him. He was told he was free to leave. He also alleges that his ID was given to the library personnel to seek a restraining order. The facts do not support any inference that this was improper.  It is unclear for what purpose or who may have wanted to seek the restraining order.  It may have been the library or the library employee.  In any event, there is no allegation that a restraining order was sought or that there was any impact on Mr. Webb.

Most importantly, Mr. Webb has not shown that he was harmed, physically, emotionally or financially.  All of the harm allegations are conclusory and must be disregarded under a Rule 12(b)(6) analysis.  There is no allegation that Mr. Webb received any unwanted physical contact and there is no record of any injury resulting from physical contact. Mr. Webb has not shown that he was targeted based on any impermissible racial characteristic. Mr. Webb was asked to leave the library. This may have been because he was making a female employee uncomfortable

when he asked if he could call her or because he was accused of having made women uncomfortable at the main library.[1] Mr. Webb has not shown that the police officers held him for an unreasonable period of time, or that the officers disclosed any information that would not be available in the police report to other parties. Rather, it appears that the officers stopped him based on his disturbance with library personnel and kept him only as long as reasonably necessary to obtain information and file a report. Finally, the Complaint has not shown an ongoing restriction from visiting the library. There is no allegation that a restraining order was sought or obtained and no claim that Mr. Webb attempted to revisit the library and was denied entrance. Upon review, the court finds that Plaintiff has failed to state a claim, has failed to state how the facts he recites violated a legal right, and has failed to show any harm suffered from his allegations. This determination does not stem from technical flaws in Plaintiff's Second Amended Complaint, but stems from his general failure to state a claim. In other words, this case is being dismissed on its merits.

Finally, with respect to the state claims, the court finds that the same conclusions are required. None of the facts are sufficient to support the state claims. Moreover, even if the court were to conclude that Mr. Webb had met the state pleading requirement, the court declines to exercise supplemental jurisdiction, the federal claims having been dismissed.

In addition to the Objection to the Report and Recommendation of Judge Pead, Mr. Webb filed a motion for leave to file a Third Amended Complaint, attached as an exhibit which is 54 pages in length including the exhibits. (Dkt. No. 17.) The court has reviewed the proposed Third Amended Complaint. Mr. Webb asserts no additional facts which would correct the deficiencies of the Second Amended Complaint. The motion for leave to amend is DENIED.

---

[1] Mr. Webb has a history of filing cases pro se and in forma pauperis that have been found to be without merit. *See* Webb Affidavit, Dkt. No. 13; *Webb v. Smith, et al,* Case No. 15-4123 (10th Cir. 12/7/1015).

The court therefore agrees with the analysis of Judge Pead in the Report and Recommendation that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court hereby APPROVES AND ADOPTS the Report and Recommendation on that basis. The court denies the motion to file the proposed Third Amended Complaint. This case is hereby dismissed with prejudice on the federal and state claims and, in the alternative, for lack of jurisdiction on the state claims. All remaining pending motions are DENIED as moot and the case is closed.

SO ORDERED this 9th day of December, 2015.

BY THE COURT

Clark Waddoups
United States District Judge